UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHELLE RUTH COSBY,

    Plaintiff,

v.

SUNITA JOSHI and EVEREST
NATIONAL INSURANCE COMPANY,
a foreign corporation, jointly and severally,

    Defendant.
_____/

Case No. 15-14442

Hon. John Corbett O'Meara

# ORDER DENYING DEFENDANT'S
# MOTION IN LIMINE

Before the court is Defendant Everest National Insurance Company's motion in limine, which has been fully briefed. Plaintiff brought this action to recover personal insurance protection benefits under an automobile insurance policy issued by Defendant. Defendant seeks to exclude evidence of wage loss at trial, arguing that Plaintiff is not entitled to wage loss because she was unemployed at the time of her auto accident. Defendant also seeks to exclude evidence of allegedly duplicative medical billing.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Louzon v. Ford Motor Co., 718 F.3d 556, 561 (6th Cir. 2013) (citation omitted). A

motion in limine is a procedural mechanism for resolving evidentiary issues, not factual disputes, the sufficiency of the evidence, or substantive legal matters. Id. at 561-63. As the Sixth Circuit has emphasized, "a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial – the summary judgment motion. Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but deprives their opponents of the procedural protections that attach at summary judgment." Id. at 561.

Defendant's motion raises non-evidentiary issues: whether Plaintiff is entitled to claim wage loss and whether she is entitled to seek allegedly duplicative damages related to a Medicaid lien. Although Defendant's motion is characterized as a motion in limine, it raises issues related to the viability of Plaintiff's damages claims, not issues related to the admissibility of evidence at trial. "Where, as here, the motion in limine is no more than a rephrased summary judgment motion, the motion should not be considered." Louzon, 718 F.3d at 563.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion in limine is DENIED.

                                           s/John Corbett O'Meara
                                           United States District Judge

Date: June 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 22, 2017, using the ECF system.

                                                <u>s/William Barkholz</u>
                                                Case Manager